# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| § | **CASE NO. 6:22-CR-00105-JCB-KNM** |
| vs. § § § | |
| § | |
| **ROBERT DANIEL ARGUETA-LOPEZ** § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 24, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Assault on a Federal Officer, a Class D felony, Defendant Robert Daniel Argueta-Lopez was sentenced on July 25, 2013, by United States District Judge Diana Saldana, Southern District of Texas. The offense carried a statutory maximum imprisonment term of 8 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. The Court departed from the guidelines and sentenced Defendant to imprisonment for a term of 84 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include no illegal reentry to the United States.

Defendant completed his term of imprisonment and started his term of supervised release on December 1, 2020. Jurisdiction was transferred to the Eastern District of Texas and the case was re-assigned to United States District Judge J. Campbell Barker on August 17, 2022.

1

*Allegations*

In the 1st Amended Petition seeking to revoke Defendant's supervised release, filed on August 29, 2024, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant pled guilty on August 28, 2023 to the offense of Illegal Reentry Following Removal in the Eastern District of Texas. It is also alleged that Defendant was arrested by the Wills Point Police Department on July 9, 2022, for the offense of Money Laundering, a Third Degree Felony.

2. **Allegation 2 (special condition): If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting.** It is alleged that the above-referenced arrests reveal that Defendant returned to the United States illegally and failed to report to the nearest U.S. Probation Office.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995));

committing the offenses of Illegal Reentry Following Removal and Money Laundering as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by entering the United States illegally and not reporting to the nearest U.S. Probation Office as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On September 24, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:22-CR-101, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Oakdale.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised

---

see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:22-CR-101, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:22-CR-101, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Oakdale.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months with no further term of supervised release.

So ORDERED and SIGNED this 24th day of September, 2024.

4

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE